IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN R. MILLER,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 22-CV-4264** |
| | : | |
| **GEORGE LITTLE,** *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 25th day of May, 2023, upon consideration of Plaintiff Glenn R. Miller's *pro se* Complaint (ECF No. 6), it is **ORDERED** that:

1. The Clerk of the Court is directed to add the following Defendants to the docket: (1) George Little, Secretary of PA DOC; (2) Kevin Sorber, SCI Phoenix Superintendent; (3) D.A. Bradley, Deputy Superintendent for Internal Security; (4) Mandy Bisser Sipple, Deputy Superintendent for Centralized Services; (5) Bernard Panasiewicz, Deputy Superintendent for Facility Management; (6) Gina Clark, Major of the Guard, Unit Management; (7) David Mascellino, Security Captain; (8) Etta Williams, Day Captain; (9) Omar Nunez, Unit Manager; (10) Pamela Jaques, Corrections Counselor; (11) Henry Hause, Correctional Industries Laundry Supervisor; (12) Paul Evans, Correctional Industries Laundry Foreman; (13) Joseph Pucci, Correctional Industries Laundry Supervisor; (14) Luis Quintana, Correctional Industries Laundry Foreman; (15) Brittany Huner, Correctional Health Care Administrator; (16) WellPath, Holdings LLC; (17) Dr. Gordon, M.D.; (18) Dr. Anthony Letizio II M.D; and (19) the Pennsylvania Department of Corrections ("DOC").

2. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons stated in the Court's Memorandum as follows:

    a. The following claims are **DISMISSED WITH PREJUDICE**: (1) all § 1983 claims against the DOC; (2) the official capacity § 1983 claims against the individually-named DOC Defendants (George Little, Kevin Sorber, D.A. Bradley, Mandy Bisser Sipple, Bernard Panasiewicz, Gina Clark, David Mascellino, Etta Williams, Omar Nunez, Pamela Jaques, Henry Hause, Paul Evans, Joseph Pucci, Luis Quintana, and Brittany Huner); (3) the official capacity § 1983 claims against the individually-named Wellpath Defendants (Dr. Gordon, M.D. and Dr. Anthony Letizio II M.D.); and (4) the claims asserted under Title II of the ADA against the individually-named DOC Defendants, Wellpath, Dr. Gordon, and Dr. Letizio.

    b. These claims are **DISMISSED WITHOUT PREJUDICE**: (1) the individual capacity § 1983 claims against George Little, Kevin Sorber, D.A. Bradley, Mandy Bisser Sipple, Bernard Panasiewicz, Gina Clark, David Mascellino, Etta Williams, Omar Nunez, Pamela Jaques, Henry Hause, Joseph Pucci, Luis Quintana, Brittany Huner, Dr. Gordon, M.D., and Dr. Anthony Letizio II M.D.; (2) the official capacity § 1983 claims against Wellpath; (3) all claims based on the denial of physical therapy, medical appointments, corrective surgery, a bottom bunk, or an electric shaver; and (5) all state law negligence and medical practice claims.

3. Miller may file an amended complaint within thirty (30) days of the date of this Order to attempt to cure the defects identified by the Court in the claims dismissed without prejudice. Miller may not reassert a claim already dismissed with prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Miller's claims against each defendant. If Miller files an amended complaint, his amended complaint must be a complete document that does not rely on the initial Complaint, or other papers filed in this case to state a claim. Miller need not submit another copy of his exhibits as they are on the docket and part of the record in this case. The amended complaint must include all of the bases for Miller's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **For example, Miller must include in his amended complaint the allegations supporting his § 1983 deliberate indifference claim against Paul Evans and his ADA claim against the DOC if he seeks to proceed on those claims**. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Miller should be mindful of the Court's reasons for dismissing the claims in his Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. The Clerk of Court is **DIRECTED** to send Miller a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Miller may use this form to file his amended complaint if he chooses to do so.[1]

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

5.      If Miller does not file an amended complaint the Court will direct service of his Complaint on **only** Defendants Paul Evans as to the deliberate indifference claim and the DOC as to the ADA claim, as described in the Court's Memorandum.  Miller may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint.  If he files such a notice, Miller is reminded to include the case number for this case, 22-4264.

6.      The Clerk of the Court is **DIRECTED** to send Miller (1) a copy of this Memorandum and Order, and (2) a copy of Complaint in this case (ECF No. 6).

7.      The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

/s/ Jeffrey L. Schmehl

**JEFFREY L. SCHMEHL, J.**